UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  
Midwest Properties of Shawano, LLC,  
    Debtor.

Chapter 11  
Case No. 10-31515

## EMERGENCY MOTION TO DISMISS CHAPTER 11 CASE

Fox Communities Credit Union (hereinafter referred to as "FCCU") by its attorneys, pursuant to 11 U.S.C. § 109(g), moves to dismiss this Chapter 11 case, and respectfully represents:

1. Midwest Properties of Shawano, LLC (hereinafter referred to as the "Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 13, 2010.

2. FCCU commenced an action on April 17, 2008, in Shawano County Circuit Court (Case No. 08 CV 141) to foreclose the interest of the Debtor, among others, in property located at 463 Humphrey Circle, Shawano, Wisconsin and 1024 E. Fifth Street, Shawano, Wisconsin (hereinafter collectively referred to as the "Property"). The debtor's interest in the Property is as land contract vendee.

3. Judgment of foreclosure against the Debtor was entered on February 6, 2009.

4. On March 16, 2009, Debtor filed for protection under Chapter 11 of the Bankruptcy Code in the United State Bankruptcy Court for the District of Delaware in Case No. 09-10880-KG. Said case was later consolidated with Case No. 10-10876-KG.

5. On September 22, 2009, the Honorable Kevin Gross, ordered that the Debtor's bankruptcy case be dismissed. A true and accurate copy of said Order is attached hereto as **Exhibit A.**

6. That the reasons that the Debtor's Delaware Bankruptcy Case was dismissed include, but are not limited to:

    a. The debtor's failure to consider the purchase offer for the property located in Oakdale, Minnesota;

    b. The debtor's failure to file tax returns both before and after the filing of their petition; and

    c. The debtor's failure to report and account for nearly $60,000.00 in cash that they were holding in a gas station safe.

7. The Debtors appealed the Bankruptcy Court's dismissal to the United States District Court for the District of Delaware in Case No. 09-789-GMS.

8. On May 24, 2010, Chief Judge Gregory M. Sleet, of the United States District Court for the District of Delaware affirmed the Order of Dismissal entered by the Delaware Bankruptcy Court and dismissed the debtor's appeal. A true and accurate copy of the Order is attached hereto as **Exhibit B**.

9. That the Debtor has now appealed to the United States Court of Appeals (3rd Circuit).

10. That the 3rd Circuit Court of Appeals has denied the Debtor's motion to Extend the Stay Pending Appeal. A copy of said Order is attached hereto as **Exhibit C**.

11. That the bankruptcy petition that is before this Court should be dismissed because the Debtor has the same case pending under appeal with the 3rd Circuit Court of Appeals and has no right to file a simultaneous action in the Eastern District of Wisconsin because it is dissatisfied with the decisions in the previously file case.

12. That pursuant to 11 U.S.C. § 109(g), the Debtor is an ineligible debtor because the Debtor has been a debtor in a case pending under the Bankruptcy Code that was dismissed by the court for willful failure of the debtor to abide by orders of the court, within the last 180 days.

13. That upon information and belief, the Debtor's sole purpose for filing this action is to hinder and delay FCCU in its attempt to hold a Sheriff's Sale.

14. The fact that the Debtor filed its petition on the eve of the Sheriff's Sale, is prima facia evidence of a bad faith filing.

15. That the Debtor is attempting to abuse the bankruptcy process by filing a petition in a second venue that remains pending under appeal in the original venue.

16. That the Debtor's reason for filing the immediate action appears to be for the purpose of being protected by the imposition of a new Stay to which it is not

WHEREFORE, FCCU respectfully requests that this Court enter an Order dismissing the above-captioned case with prejudice and that the Debtor be sanctioned for a bad faith filing.

Dated this 15th day of July, 2010.

VAN LIESHOUT LAW OFFICE
Attorneys for Movant

/s/ Steven J. Krueger
Steven J. Krueger (State Bar. No. 1064350)
122 E. Main Street
P.O. Box 186
Little Chute, WI 54140
(920) 788-0800
(920) 788-0907 Facsimile
steven.krueger@littlechutelaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DR. R.C. SAMANTA ROY INSTITUTE | ) | Case No. 09-10876(KG) |
| OF SCIENCE & TECHNOLOGY, INC., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Re Dkt No. 283** |

## ORDER OF DISMISSAL

These cases have been pending since March 16, 2009 ("the Petition Date") when the Debtors[1] filed petitions for relief under Chapter 11 of the Bankruptcy Code. In the following six months, nearly all of the Debtors' activities have been directed toward defending against motions to lift the automatic stay which various secured lenders brought seeking leave to prosecute state law foreclosure proceedings. The Court does not doubt that Debtors expended considerable resources and time in defending those motions, but that does not excuse the complete lack of progress of these cases. In fact, had Debtors made efforts to develop a business plan without which they have been unable to finance their cases, they may have forestalled some or all of the lift stay motions. Instead, Debtors fought their secured lenders with both sides expending considerable resources.

During the course of an evidentiary hearing on the lift stay motion of Vermillion Bank on September 14-15, 2009, the Court heard testimony that despite their precarious cash flow

---

[1] The Debtors in these jointly administered cases are: Midwest Hotels & Motels of Shawano, LLC, Midwest Properties of Shawano, LLC, Midwest Oil of Shawano, LLC, Midwest Oil of Minnesota, LLC, Midwest Oil of Wisconsin, LLC, U.S. Acquisitions & Oil, Inc., Samanta Roy Institute of Science & Technology.

the hearing to meet their burden of proving a reasonable likelihood of rehabilitation.

(c) Debtors belatedly responded to the interested purchaser but only in the face of the Show Cause Order. The Court is left to its concern about other lost or delayed opportunities and, moreover, to Debtors inattention to actions it could or should be taking to market its assets.

(d) Six months into the cases, Debtors have been unable to obtain necessary financing without a business plan. The Debtors recently (August 18, 2009) hired a financial advisor to develop a business plan (D.I. 235),[2] but moved to retain the financial advisor only recently and after six months of inaction during which time their businesses continued to falter and only when Debtors' first extension of exclusivity is about to expire and a request for a further extension is pending. During those six months, Debtors forced creditors to serve unwillingly as their lenders.

(e) Also, at the hearing Debtors' CEO testified that Debtors were holding in a gas station safe nearly $60,000 in cash from other businessoperations. Debtors did not advise creditors, the Court or the Office of the United States Trustee where or the manner in which they were holding the funds. Such "cash management" constitutes not only gross mismanagement but, as well, a lack of candor.

A leading case in the Third Circuit on the issue of dismissal is *In re SGL Carbon*

---

[2] The proposed advisor, NachmanHaysBrownstein, Inc. is an outstanding firm with which Debtors began discussions in April 2009. Debtors' failure to act with urgency in the face of its dire financial condition is more evidence of gross mismanagement and disregard for its creditors.

3

*Corporation*, 200 F.3d 153 (3rd. Cir. 1999). The court of appeals dismissed a case which it found debtors had filed solely to gain a tactical advantage in pending litigation. The Third Circuit held that dismissal "is committed to the sound discretion of the bankruptcy...court," (*Id.* at 159). Courts must prevent abuse of the bankruptcy process to "protect the integrity of the bankruptcy system and the rights of all involved in such proceedings." *Id.* at 169. Debtors have, beyond cavil, abused the bankruptcy process.

It is the multiplicity of factors which compels the Court's decision. Alone, the continuing losses might not be enough to warrant dismissal, but when joined with the absence of a plan to rehabilitate and lengthy inaction in obtaining financing or bringing efforts to the Court for maximizing the value of their assets for the benefit of creditors, dismissal is necessary. Similarly, it is not the mismanagement of the $60,000 cash which by itself compels dismissal but the nondisclosure compounding the act which translates into malfeasance. Debtors committed numerous offenses at odds with the requirements for maintaining a Chapter 11 case.

All parties at the hearing on the Show Cause Order agreed that a chapter 11 trustee is not a viable alternative to dismissal, particularly because Debtors do not have any paid employees. The Court is also concerned that a trustee would not receive the necessary cooperation from the Debtors given their actions and inactions in these cases. The Court therefore finds that Section 1112 of the Code mandates the dismissal of these cases and that the dismissal is in the best interests of Debtors' creditors who will now be able to proceed to

4

status, Debtors had not responded to a party interested in purchasing valuable real property which was vacant and therefore a financial drain rather than an income producing asset. This testimony, combined with the Debtors' continuing operational losses, led the Court on September 15, 2009, to issue *sua sponte* an Order to Show Cause (the "Show Cause Order") why the Court should not dismiss the cases or appoint a Chapter 11 trustee. D.I. 283.

The Court conducted an evidentiary hearing on the Show Cause Order on September 21, 2009. As the result of that hearing, the Court has concluded that dismissal is mandatory.

Bankruptcy Code Sections 1112(b)(1)-(4) provide that absent unusual circumstances, "the court **shall**... dismiss a case under [chapter 11] (emphasis supplied)" for cause, which includes:

> (4A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (4B) gross mismanagement of the estate;
>
> * * *
>
> (4I) failure...to file tax returns due after the date of the order for relief....

The testimony at the show cause hearing established that:

(a) Debtors have not filed tax returns since 2004, including the return for 2008 which was due after the Petition Date.

(b) Debtors Monthly Operating Reports reveal that they are suffering continuing losses. Despite those losses, they do not have a business plan and therefore were unable at

2

protect their interests without the restrictions of the automatic stay.

For the foregoing reasons, it is HEREBY ORDERED this 22nd day of September, 2009, that these jointly administered cases, and each of them, be DISMISSED.

*Kevin Gross*
KEVIN GROSS, U.S.B.J.

5

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., et al. | ) ) ) | Case No. 09-10876 (KG) |
| | ) | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | C.A. No. 09-789-GMS |
| UNITED STATES TRUSTEE, | ) ) | |
| Appellee. | ) ) | |

**ORDER**

At Wilmington, this 24th day of May, 2010, after having considered the record on appeal, the parties' contentions, the standard of review, and the applicable law, IT IS HEREBY ORDERED that:

1. The Bankruptcy Court's September 22, 2009 Order of Dismissal is AFFIRMED.[1]

---

[1] The court finds that dismissal was not an abuse of discretion and was appropriate for the reasons stated in the Bankruptcy Court's Order of Dismissal. (See USBK/DE, 09-10876, D.I. 291.) The Bankruptcy Court properly found gross mismanagement warranting termination of the automatic stay and dismissal of the case based upon, among other things: 1) the debtors' failure to consider the purchase offer for the property located in Oakdale, Minnesota; 2) the debtors' failure to file tax returns both before and after the filing of their petition; and 3) the debtors' failure to report and account for nearly $60,000 in cash that they were holding in a gas station safe. The court finds that the appellants' assertions that the Bankruptcy Court committed legal error are without merit.

2. The Appellants' appeal (D.I. 5) is DISMISSED.

3. The appellants' motion for contempt (D.I. 22), the appellee Green Mountain Finance Fund LLC's ("Green Mountain") motion for an Expedited Hearing (D.I. 29), Green Mountain's request for oral argument on their motion for an expedited hearing (D.I. 36), Green Mountain's motion for contempt (D.I. 39), and Green Mountain's request for oral argument on its motion for contempt (D.I. 43) are DENIED.[2]

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] In addition to these formal motions and requests, the court received four letters transmitted by counsel representing one of the appellees or other interested parties urging the court to consider this appeal and these pending motions on an expedited basis. (See D.I. 4, 16, 20, 38.) These filings were not well-taken. Counsel should know well the significant number of motions and proceedings in both civil and criminal cases that this court must manage. Cries of "wolf" such as these do not assist the court in determining the merits of matters it.

June 29, 2010
DCO-153-E

No. 10-2535
In Re: DR. R C SAMANTA ROY INSTITUTE OF SCIENCE
TECHNOLOGY INC. ET AL.,
Appellants

(D. Del. No. 09-cv-00789)

Present:      FUENTES and JORDAN, Circuit Judges

1. Motion by Appellants' to Extend the Stay Pending Appeal and for Expedited Consideration of the Motion to Extend the Stay;

2. Letter on Behalf of Appellants in Support of Expedited Review of Appellants' Motion to Extend the Stay Pending Appeal and Seeking a Ruling by July 2, 2010;

3. Letter on Behalf of Appellees Advising Court that Expedited Ruling By July 2, 2010 is Unnecessary;

4. Objection by Appellees to Appellants' Motion to Extend the Stay Pending Appeal;

5. Reply Brief by Appellants in Support of Motion to Extend the Stay Pending Appeal.

                                                          /s/ Pam Batts
                                                          Case Manager (267) 299-4943

**ORDER**

**The foregoing** Motion by Appellants' to Extend the Stay Pending Appeal and for Expedited Consideration of the Motion to Extend the Stay is DENIED.

                                                          By the Court,

                                                          /s/ Julio M. Fuentes
                                                          Circuit Judge

Dated: July 1, 2010
CLW/cc: Robert K. Beste Jr., Esq.
        Steven D. Usdin, Esq.
        William F. Taylor Jr., Esq.
        Kevin S. Mann, Esq.
        Glenn A. Brown, Esq.
        Joseph J. McMahon Jr., Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  
Midwest Properties of Shawano, LLC,  
    Debtor.

Chapter 11  
Case No. 10-31515

## CERTIFICATE OF MAILING

STATE OF WISCONSIN )  
                                )ss.  
OUTAGAMIE COUNTY )

      Sarah Wegand, an agent of Van Lieshout Law Office, being the attorneys for the movant herein, with offices located at 122 E. Main Street, Little Chute, Wisconsin 54140, declares that on the date set forth below, I served the annexed **Motion to Dismiss Chapter 11 Case** upon each of the people named below by electronic transmission or by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Little Chute, Wisconsin address to each of them as follows:

      Midwest Properties of Shawano, LLC  
      802 North Market Street, Suite 704  
      Wilmington, DE 19801

      Attorney Bruce E. Scott  
      Bruce E. Scott Law Firm  
      204 E. Main Street  
      P.O. Box 46  
      New Prague, MN 56071

And I declare under penalty of perjury, that the foregoing is true and correct.

Dated: July 15, 2010  
Signed:     /s/Sarah Wegand