# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : | BANKR. NO. 09-10876 (KG) |
| SCIENCE & TECHNOLOGY, INC.,[1] | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |
|  | : |  |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : |  |
| SCIENCE & TECHNOLOGY, INC., *et al.*, | : |  |
|  | : |  |
| Appellants, | : | CIVIL ACTION NO. 09-789 (GMS) |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED STATES TRUSTEE, | : |  |
|  | : |  |
| Appellee. | : |  |
|  | : |  |

BRIEF OF APPELLANTS, DR. R.C. SAMANTA ROY INSTITUTE OF
SCIENCE & TECHNOLOGY, INC., *ET AL.*, IN SUPPORT OF APPEAL

COHEN, SEGLIAS, PALLAS, GREENHALL &
FURMAN, P.C.

Dated: November 17, 2009

Robert K. Beste, Jr., Esquire (DE Bar ID No. 154)
Steven D. Usdin, Esquire (PA Bar ID No. 36381)
Nella M. Bloom, Esquire (PA Bar ID No. 204366)
Nemours Building, Suite 1130
1007 North Orange Street, Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
E-mail:        rbeste@cohenseglias.com
               susdin@cohenseglias.com
               nbloom@cohenseglias.com
*Attorneys for the Appellants*

---

[1]    Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

# INDEX

<div align="right">Page</div>

I. Statement and Basis of Appellate Jurisdiction ............................................... 2

II. Statement of Issues Presented and Standard of Appellate Review .................... 2

    A. Statement of Issues Presented.......................................................... 2

    B. Standard of Appellate Review.......................................................... 2

III. Factual and Procedural Background ........................................................... 3

    A. Factual and Procedural Background Taken from the Appellants' Designation of the Record on Appeal ............................................................................. 3

    B. Factual and Procedural Background Taken from the Trustee's Counter- Designation of the Record on Appeal ........................................ 4

IV. Legal Argument ................................................................................... 7

    A. Standard of Review ...................................................................... 7

    B. The Bankruptcy Court Committed Reversible Error in Dismissing the Appellants' Cases During the Period of Exclusivity ............................................... 7

    C. The Bankruptcy Court Committed Reversible Error in Holding that the Appellants' Failure to File Pre-Petition Tax Returns Constituted Cause to Dismiss the Bankruptcy Cases.......................................................................... 8

    D. The Bankruptcy Court Committed Reversible Error by Failing to Give Notice of the Subject Matter of the Rule to Show Cause Hearing Scheduled For September 21, 2009 ................................................................................. 9

    E. The Bankruptcy Court Committed Reversible Error by Basing its Decision on Assertions Not of Record in the Cases ............................................... 11

    F. The Bankruptcy Court Erred In Interpreting The Monthly Operating Reports Filed By The Appellants In The Cases ....................................................... 14

    G. The Bankruptcy Court Committed Reversible Error by Abusing its Discretion and Dismissing the Cases ...................................................................... 15

        1. The Bankruptcy Court Erroneously Relied On The Appellants' Missed Pre-Petition Sale Opportunity As A Basis To Determine That The Appellants Were Acting In Bad Faith In The Administration Of Their Cases.................................................................................. 15

Case 10-31515-pp    Doc 12-1    Filed 07/19/10    Page 3 of 43

2.  The Bankruptcy Court Erroneously Relied On The Trustee's Oral Motion To Dismiss Or Convert.................................................................................... 17

3.  The Bankruptcy Court Erroneously Relied On Evidence Of The Cash Management System Of A Non-Debtor Entity To Determine That The Appellants Were Acting In Bad Faith In The Administration Of Their Cases.... 18

4.  The Bankruptcy Court Erroneously Held That The Appellants Had Failed To Make Progress In Their Cases ........................................................... 19

V.  Conclusion ......................................................................................... 20

| Cases | TABLE OF AUTHORITIES | Page |
|---|---|---|

ACLU v. Black Horse Pike Regional Board of Ed., 84 F.3d 1471 (3d Cir. 1996)..... ...............3

In re Berryhill, 189 B.R. 483 (N.D. Ind. 1995) ................................ ..............8

In re Century/ML Cable Venture, 294 B.R. 9 (Bankr. S.D.N.Y. 2003) ................... ..............8

In re Cohn, 54 F.3d 1108 (3d. Cir. 1995) ...............................................................11

In re Coleman Enterprises, Inc., 266 B.R. 423 (Bankr. D. Minn. 3d Div. 2001)........ .............7

In re Coram Healthcare Corp., 271 B.R. 228 (Bankr. D. Del. 2001) ............................18

Matter of Durham, 87 B.R. 300 (Bankr. D. Del. 1988) ...........................................11

In re Halvajian, 216 B.R. 502 (D. N.J. 1998) ......................................................11

In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995) .............................11-12

Martin v. Brown, 63 F.3d 1252 (3d Cir. 1995) ..............................................9

Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358 (3d Cir. 1996) ........................ .............17

In re Pittsfield Weaving Co., 393 B.R. 271 (Bankr. D. N.H. 2008) ...................... .............8

 In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175
(3d Cir. 2002).....................................................................................3

In re SGL Carbon Corp., 200 F.3d 154 (3d Cir. 1999). ......................................2, 8, 9, 12

Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408 (3d Cir. 2002)...........................3

In re Toyota of Yonkers, Inc., 135 B.R. 471 (S.D.N.Y. 1992) ...................... .............7

In re U.S. Wireless Corp., Inc., 386 B.R. 556 (Bankr. D. Del. 2006) ................. .............17

**Statutes and Rules** **Page**
11 U.S.C. §102 ...................................................................................9, 17
11 U.S.C. §1104 ......................................................................................10
11 U.S.C. §1112(b)(4) .........................................................................3, 8-10
Fed. R. Bankr. Proc. 8001 *et seq*...................................................................2
Local R. Bankr. Proc. 8001-1 ........................................................................2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : | BANKR. NO. 09-10876 (KG) |
| SCIENCE & TECHNOLOGY, INC.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : | |
| SCIENCE & TECHNOLOGY, INC., *et al.*, | : | |
| | : | |
| Appellants, | : | CIVIL ACTION NO. 09-789 (GMS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Appellee. | : | |

<u>BRIEF IN SUPPORT OF APPEAL</u>

Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. ("SIST"), U.S. Acquisitions & Oil, Inc. ("USA&O"), Midwest Oil of Wisconsin, LLC, Midwest Oil of Minnesota, LLC, Midwest Oil of Shawano, LLC, Midwest Properties of Shawano, LLC, and Midwest Hotels & Motels, LLC (collectively, the "Appellants"), hereby file, pursuant to Federal Rules of Bankruptcy Procedure 8009 and 8010, the following Brief in support of the Notice of Appeal filed on October 2, 2009 (Bankr. D.I. No. 291), the Statement of Issues to be Presented on Appeal (the "Statement") (Bankr. D.I. No. 301, filed 10/13/2009), and the Designated Record (the "Record") (Bankr. D.I. No. 302, filed 10/13/2009). The Appellants respectfully argue that the Bankruptcy Court committed reversible error in its decision to dismiss the above-captioned bankruptcy matter on September 22, 2009, and thus seek reversal of that decision.

---

[1]       Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

# I.     STATEMENT AND BASIS OF APPELLATE JURISDICTION

This is an appeal of right from a final order of the Bankruptcy Court.  The basis for appellate jurisdiction is Federal Rules of Bankruptcy Procedure 8001 *et seq.* and Local Rule of Bankruptcy Procedure 8001-1.

# II.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

## A.     Statement Of Issues Presented On Appeal

a.     Did the Bankruptcy Court commit reversible error by dismissing the above-captioned jointly-administered bankruptcy cases (the "Cases") during the period of exclusivity?

b.     Did the Bankruptcy Court commit reversible error by basing its decision to dismiss on the Debtors' failure to file tax returns after the date of the order for relief, when no tax returns were due during the pendency of the Cases?

c.     Did the Bankruptcy Court commit reversible error by failing to give notice of the subject matter of the Rule to Show Cause hearing which occurred on September 21, 2009?

d.     Did the Bankruptcy Court commit reversible error by basing its decision on assertions not of record in the Cases?

e.     Did the Bankruptcy Court commit reversible error by basing its decision on the Monthly Operating Reports filed by the Appellants in the Cases?

f.     Did the Bankruptcy Court commit reversible error by abusing its discretion, and dismissing the Cases:

(1)    By basing its decision on the Appellants' pre-petition sale opportunities?

(2)    By basing its decision on the oral motion of the U.S. Trustee to dismiss, when the Debtors had no prior notice of the U.S. Trustee's intent to make such an oral motion?

(3)    By basing its decision on the cash management of a non-debtor entity?

(4)    By basing its decision on the Appellants' alleged failure to make progress in the Cases?

## B.     Standard Of Appellate Review

In reviewing the dismissal of a bankruptcy case, the district court reviews the record on appeal for an abuse of discretion.  In re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999). "An abuse of discretion exists where the [bankruptcy] court's decision rests upon a clearly

2

erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id., *quoting* ACLU v. Black Horse Pike Regional Board of Ed., 84 F.3d 1471, 1476 (3d Cir. 1996); *see also* In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 180 (3d Cir. 2002). An abuse of discretion exists where a court's action was "arbitrary, fanciful, or clearly unreasonable." Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408 (3d Cir. 2002).

## III.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual and Procedural Background Taken from the Appellants' Designation of the Record on Appeal

This matter arises from the dismissal of the Appellants' jointly-administered bankruptcy cases (collectively, the "Cases"). On September 16, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), *sua sponte*, scheduled a Rule to Show Cause hearing to show why the Appellants' Cases should not be dismissed (the "Hearing"). *See* D.R. A0001-2. The Hearing was held on September 21, 2009. D.R. A0004.[2]

On September 22, 2009, the Bankruptcy Court dismissed the Cases pursuant to the provisions of section 1112 of Title 11 of the United States Code (the "Bankruptcy Code") as set forth in its In its Order of Dismissal (the "Dismissal Order"). *See* D.R. A0004-5. The Bankruptcy Court further stated, "It is the multiplicity of factors which compels the Court's decision." D.R. A0006.

The Appellants timely filed the Notice of Appeal, and subsequently timely filed the Designation and Statement. The Office of the United States Trustee for the District of Delaware (the "Trustee") filed a counter-designation of the record on appeal, which included items not of record in the Cases, as well as items which were not before the Bankruptcy Court during the Hearing. The Appellants objected to (and continue to object to) the Trustee's counter-

---

[2]   The Appellants cite to the Designated Record, or "D.R.," which they filed on October 13, 2009.

designation, arguing that since the items in the counter-designation were not before the Bankruptcy Court during the Hearing and/or were not a part of the Bankruptcy Court's evidentiary record, they could not have properly been a part of the Bankruptcy Court's determination to dismiss.[3]  In the event that the District Court finds otherwise, and only for the purpose of ensuring that the District Court has the necessary factual background regarding the Cases, the Appellants will utilize the documents produced by the Trustee without waiving any objection to the inclusion of these documents on the record.

**B.     Factual and Procedural Background Taken from the Trustee's
Counter- Designation of the Record on Appeal**

The Appellants are Delaware not-for-profit corporations and/or limited liability companies with a principal place of business at 1206 East Green Bay Street, Shawano, Wisconsin, and are in the business of property acquisition and management, and the sales of gasoline and petroleum products for funding for educational activities.  The Appellants fund their educational activities through their business operations.  On March 16, 2009 (the "Petition Date"), the Appellants filed with this Court seven (7) voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), docketed at 09-10875 KG through 09-10881 KG, inclusive.  D.I. No. 1.[4]  An order granting joint administration of these cases (collectively, the "Cases") was entered on March 20, 2009.  D.I. No. 9.  Following the Petition Date, the Appellants continued to operate their businesses as debtors-in-possession.

Immediately following the Petition Date, nearly all of the Appellants' resources were monopolized by constant litigation relating to various motions for relief from stay.  On March

---

[3]     For a discussion of this objection, *see infra* Section II(G)(2).

[4]     The citations referring to "D.I." refer to the Docketed Items in the record of the Bankruptcy Court.  This was provided as item no. 1 in the Trustee's counter-designation of the record on appeal.

26, 2009, Integrity First Bank ("Integrity") filed its motion for relief from stay.  D.I. No. 8.[5] Southwest Guaranty, Ltd., Carlyle Financial, LLC, Green Mountain Finance Fund, LLC, and Southwest Guaranty Partners, LLC (collectively, the "Southwest Entities") filed their motion for relief from stay on April 7, 2009, along with a motion to shorten time and, on April 21, 2009, a complaint for declaratory and injunctive relief.  D.I. Nos. 53, 55, 98.  On May 14, 2009, Vermillion State Bank ("Vermillion") filed its motion for relief from stay, and amended the motion on June 8, 2009.  D.I. Nos. 109, 143.  On June 25, 2009, Marshall & Ilsley Bank ("M & I") filed a motion for relief from stay.  D.I. No. 175.  And on June 29, 2009, American Bank of St. Paul ("American Bank") filed its motion for relief from stay.  D.I. No. 185.

In the motion for relief from stay filed by the Southwest Entities, the parties litigated whether the lien on the property of Appellant USA&O pertained to the cash held by a non-debtor operating entity.  This issue was fully litigated before the Bankruptcy Court, which had yet to render a decision on this motion for relief from stay.  In the motion for relief from stay filed by Vermillion, an outstanding offer to purchase the property at issue was raised by the Appellants in support of their opinion of value of the property.  The value of the property was the basis for the Appellants' argument that the motion for relief from stay should be denied.  The Bankruptcy Court also did not rule on this motion for relief from stay.  In addition to the motions for relief from stay, the Appellants were engaged in litigation and motion practice with the City of Shawano, Wisconsin, as well as Shawano Municipal Utilities ("SMU") and Shawano County, Wisconsin (collectively, "Shawano").

In spite of this litigation, the Appellants managed to administer their estate as debtors in possession.  The Appellants timely filed their Initial Operating Reports and Monthly Operating

---

[5]     The motion for relief from stay filed by Integrity was resolved on an interim basis by the parties' agreement that the Appellants would pay adequate protection payments to Integrity.

Reports from April 2009 through August 2009.  D.I. Nos. 64-70, 73-78, 117-123, 160-167, 201-211, 239-245.  They also cooperated with the Trustee in the disclosure of information related to the Appellants' businesses.  The Appellants owned approximately fifty (50) properties, and in some instances other non-debtor entities related to the Appellants operated these properties for insurance and other liability purposes.  *See* D.R. A00029-32; 43-47.  The Appellants interviewed several firms before deciding to seek the employment of NachmanHaysBrownstein, Inc. ("NHB") as its financial advisor.  D.R. A00019-21; 51.  The Appellants had also filed a motion to extend the period of exclusivity to file a plan of reorganization.  D.I. No. 136.  This motion was granted by the Bankruptcy Court and set a deadline of October 12, 2009 by which the Appellants were required to file a plan and disclosure statement.  D.I. No. 180.

As stated *supra*, the Hearing regarding the dismissal of the Appellants' Cases was held on September 21, 2009.  D.R. A0004.  At the Hearing, the Bankruptcy Court heard testimony from Naomi Isaacson, the corporate representative of the Appellants.  D.R. A0019.  Ms. Isaacson testified that the Appellants were involved in a tax audit "for a couple of years".  D.R. A0059.  Due to this audit, the Appellants had not filed tax returns for several years.  Further, post-petition returns were not yet due but would be filed when appropriate.

Howard Brod Brownstein of NHB also testified at the Hearing.  D.R. A0071.  The Bankruptcy Court commented favorably on the qualifications of NHB.  D.R. A0072.  Mr. Brownstein testified that he was in the process of creating a business plan for the Appellants, in which the Appellants were cooperating.  D.R. A0074.  Ms. Isaacson testified that the Appellants would be prepared to follow the recommendations of the business plan created by NHB, even if it included a suggestion that properties owned by the Appellants be sold.  D.R. A0070.

IV.    **LEGAL ARGUMENT**

    A.    **Standard Of Review.**

    A bankruptcy matter may be dismissed or converted pursuant to §1112 of the Bankruptcy Code if the movant establishes cause. 11 U.S.C. §1112(b)(1). "Cause" to dismiss a bankruptcy proceeding exists where, among other things, there is:

> (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B)    gross mismanagement of the estate; . . .
> (I)    failure timely to ... file tax returns due after the date for the order of relief . . .

11 U.S.C. §§1112(b)(4)(A), (B), (I); *see also* D.R. A0004. It was these three sections of the Bankruptcy Code that the Bankruptcy Court used in deciding to dismiss the Appellants' Cases. The Appellants respectfully submit that the Bankruptcy Court erred in dismissing the Cases.

    B.    **The Bankruptcy Court Committed Reversible Error In Dismissing The Appellants' Cases During The Period Of Exclusivity.**

    The Bankruptcy Court committed reversible error in dismissing the Appellants' jointly-administered Cases prior to the expiration of the exclusive period to file a plan of reorganization and disclosure statement. It is improper for a court to dismiss a bankruptcy case when the debtor's period of exclusivity is not yet passed, even if the debtor has not yet submitted a plan or cannot show that a plan, if submitted, would be approved. In re Toyota of Yonkers, Inc., 135 B.R. 471, 476-77 (S.D.N.Y. 1992) (a debtor defeated a motion to dismiss its bankruptcy case where it had a business plan, though had not filed a plan of reorganization, and the period of exclusivity to file a plan had not yet passed); *cited by* In re Century/ML Cable Venture, 294 B.R. 9, 36-37 (Bankr. S.D.N.Y. 2003); *see also* In re Coleman Enterprises, Inc., 266 B.R. 423, 440 (Bankr. D. Minn. 3d Div. 2001) (a court disallowed the motion to dismiss filed by the United

States Trustee because the debtor "should be given a chance" to file a plan during its exclusivity period, even if the chance the plan would be approved was slim).

The Cases were dismissed on September 22, 2009 and the exclusivity period was set to expire twenty days later, on October 12, 2009. D.R. A0015. Mr. Brownstein, along with the Appellants, testified that NHB was in the process of creating the Appellants' business plan, which would determine the Appellants' plan of reorganization. D.R. A0021; 70; 74. The fact that the Bankruptcy Court dismissed the Cases during the pendency of the exclusivity period constitutes an "errant conclusion of law" per SGL Carbon Corp sufficient to reverse the dismissal of the Cases.

C.   **The Bankruptcy Court Committed Reversible Error In Holding That The Appellants' Failure To File Pre-Petition Tax Returns Constituted Cause To Dismiss The Bankruptcy Cases.**

In deciding to dismiss the Cases, the Bankruptcy Court held that the Appellants "have not filed tax returns since 2004, including the return for 2008 which was due after the Petition Date." D.R. A0004. However, § 1112(b)(4)(I) of the Bankruptcy Code applies to tax returns (and tax payments) due for post-petition, not pre-petition, periods. *See, e.g.*, In re Pittsfield Weaving Co., 393 B.R. 271 (Bankr. D. N.H. 2008); In re Berryhill, 189 B.R. 483, 465-66 (N.D. Ind. 1995).

As of the Petition Date, the Appellants had been involved in a tax audit since 2004, and therefore had not filed tax returns in several years. *See* D.R. A0059. The Bankruptcy Court held that "Debtors have not filed tax returns since 2004, including the return for 2008 which was due after the Petition Date." D.R. A0004. The Appellants filed their Cases on March 16, 2009; the Bankruptcy Court dismissed the Cases on September 22, 2009. D.R. A0003; 7. During the post-petition period, no taxes were due on post-petition accruals; rather, all taxes due and owing as of the Petition Date were due to pre-petition tax obligations. The deadline for filing the 2008 return

8

had not yet passed. At the time of dismissal, the return was not yet due. Furthermore, as SIST is a 501(c)(3), the Appellants have no income tax liability; the obligation to file a return is merely a reporting requirement. The Appellants' alleged failure to file returns for any pre-petition obligations is irrelevant to determining whether cause exists for dismissal pursuant to §1112(b)(4)(I) of the Bankruptcy Code. The Bankruptcy Court's decision that the Appellants' alleged failure to file pre-petition returns constituted cause to dismiss the Cases was therefore "an improper application of law to fact," SGL Carbon Corp, and should be reversed.

### D. The Bankruptcy Court Committed Reversible Error by Failing to Give Notice of the Subject Matter of the Rule to Show Cause Hearing Scheduled For September 21, 2009.

The Bankruptcy Court committed reversible error by failing to give the Appellants sufficient notice of the subject matter of the Hearing so that they could adequately prepare for it. There is no doubt that due process would require that the Appellants receive fair notice of the Bankruptcy Court's concerns regarding the feasibility of the Appellants continuing to operate their businesses as debtors-in-possession. See Martin v. Brown, 63 F.3d 1252, 1262-63 (3d Cir. 1995) (stating that the fundamental requirements of due process – including notice of the grounds for the sanction under consideration – must be afforded before a sanction is imposed). The Bankruptcy Court issued an Order for Rule to Show Cause on September 16, 2009 (the "Hearing Order"). D.I. No. 283. As discussed *infra*, the Appellants were not fairly noticed in the Hearing Order of the subject matter of the Hearing.

Importantly, the phrase "after notice and hearing" is defined in §102(1)(A) of the Bankruptcy Code to mean "after such notice as is appropriate in the particular circumstances." The Bankruptcy Court informed the Appellants on September 16, 2009 of the Hearing on September 21, 2009. The Appellants had just completed the hearing for Vermillion's motion for

relief from stay, had nearly completed their preparation for the motion hearing on M & I's motion for relief from stay, and were propounding discovery relating to the motion for relief from stay filed by American Bank. As they were proceeding in preparation and litigation of these hearings in good faith, they were in addition timely meeting filing deadlines including the Monthly Operating Reports. The Appellants had not prepared prior to September 16, 2009 to have to contend with the drastic possibility that their Cases would be dismissed.  Hence, they were not afforded "appropriate notice" given the "particular circumstances".

The Hearing Order stated that in the Bankruptcy Court's opinion the Cases were making "no progress toward confirmation." D.R. A0001. The Hearing Order referenced testimony from the September 14, 2009 hearing regarding refusal by the Debtors of a purchase offer on certain property.  The only other information set forth in the Hearing Order from which the Debtors could determine the subject matter is as follows:

> The Court also has concerns that the Debtors' substantial or continuing loss or diminution of the estate maybe the result of gross mismanagement and breach of fiduciary duty.  Finally the Court questions the Debtors' prospect for rehabilitation. *See* 11 U.S.C. §§1104 and 1112.

D.R. A0001. The Hearing Order failed to notify the Appellants of many of the issues that they would be asked to address.

The Court stated at the Hearing that it would "like evidence of the real estate...". D.R. A0019. This broad request required Ms. Isaacson to testify to matters concerning everything from pre-petition offers to buy property, including information concerning comparable real estate, to what type of real estate the non-debtors own, as well as, matters such as the Vermillion motion for relief from stay which was heard on September 14, and was still under consideration by the Court.  *See* D.R. A0023-26; 36.  Over objection, the Bankruptcy Court permitted questioning by Shawano on an array of subjects.  The Appellants have had a contentious

10

relationship with Shawano.  The Bankruptcy Court permitted questioning even on matters totally unrelated to the Appellants.  By allowing such questioning without notice, the Appellants were unable to prepare properly for the hearing.

Ms. Isaacson was asked to testify regarding fudge stores, hotels, and in particular a racetrack, all of which are operated by non-debtors. D.R. A0029; 35.  At one point Ms. Isaacson needed to state she was "speaking off the top of her head" which may not have been necessary had notice been adequate. *See* D.R. A0031.  In addition, Ms. Isaacson was asked to speculate about issues relating to adversary proceeding(s) that have yet to be pursued. D.R. A0056-57.

The transcript from the Hearing also reveals that Ms. Isaacson was aggressively questioned about monies that were kept in a safe. D.R. A0064-69.  Without notice, the Southwest Entities were permitted to raise this issue and question Ms. Isaacson extensively about it.  This cash arrangement does not rise to the level of a breach of a fiduciary duty mentioned as a subject matter in the Hearing Order.  A debtor-in-possession is a fiduciary for the creditors of the estate and "is charged with the duty of preserving the estate." Matter of Durham, 87 B.R. 300, 302 (Bankr. D. Del. 1988). The Appellants testified that the money in the safe was in fact property of a non-debtor and had not been diminished; the Appellants thus met their fiduciary duty. D.R. A0066-69.  Had the Appellants been put on notice of the issues which would be raised *sua sponte* by the Bankruptcy Court and opposing counsel, the Appellants could have prepared for the hearing.  By permitting the hearing to proceed in the matter in which it did, the Appellants were deprived of their due process rights.

### E. The Bankruptcy Court Committed Reversible Error By Basing Its Decision On Assertions Not Of Record In The Cases.

The Bankruptcy Court committed reversible error by basing its decision to dismiss on assertions outside of the record in the Cases.  On appeal in a bankruptcy case, the district court

"is limited to [a] review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the . . . decision was rendered." In re Halvajian, 216 B.R. 502, 509, 513 (D. N.J. 1998). The bankruptcy court's decision based on insufficient facts, assumptions, or facts outside of the record constitutes reversible error. In re Cohn, 54 F.3d 1108, 1116 (3d. Cir. 1995) (reversing a bankruptcy court's decision which was based on a muddled record of which party made a false statement to which other party).

The Trustee relies upon the case In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995), alleging that it stands for the proposition that a bankruptcy court may rely upon documents not of record in a hearing in rendering a decision. In Indian Palms, a bankruptcy court made a ruling regarding a motion to lift a stay, and on appeal the appellant introduced documents outside of the record of the hearing for that motion as part of its designated record. The Third Circuit held that the District Court properly looked to the entire record of the underlying bankruptcy case for the purpose of making a factual determination of whether the appellee had waived an argument because that portion of the record was "sufficiently associated with the general administration of the debtor's estate" to be allowed. Id. at 204-05.

Here, in contrast, as of the date of the Hearing, though the Bankruptcy Court had presided over two motions for relief from stay it had **not yet** rendered any findings of fact or decisions relating to either motion. Despite this, part of the Bankruptcy Court's basis for dismissal was the factual evidence before it, which had yet to be decided, from the relief from stay hearings. Thus, when the Bankruptcy Court issued the Dismissal Order and dismissed the Cases for cause, it did so without a factual basis.

The Indian Palms decision did not permit the Bankruptcy Court to rely on documents which were never of record. In the Hearing, the Bankruptcy Court allowed the Southwest

Case 10-31515-pp   Doc 12-1   Filed 07/19/10   Page 17 of 43

Entities to produce "a document" (D.R. A0062-63) created by a paralegal (D.R. A0063) and to which the Appellants objected, to show income for one property. This document is not a part of the record of the Bankruptcy Court, as its admission was never moved and it was never docketed.

Moreover, during the Hearing, Shawano's counsel asked questions, to which the Debtors objected, such as the adversary proceeding that the Appellants brought against the Southwest Guaranty Entities, whether the Appellants intended to bring adversary proceedings against any other third parties and projected costs, whether the Appellants' operating entities had entered into leases with any non-debtor entities, whether there was insurance on the Appellants' properties, and other issues. D.R. A0055-59. The Court opined that the "Debtors committed numerous offenses at odds with the requirements for maintaining a Chapter 11 case." D.R. A0006.

It further appears that, to some extent, the Bankruptcy Court relied upon factual assertions in the case which had yet to be decided by the Bankruptcy Court. For example, the Bankruptcy Court based its decision, in part, on the fact that a non-debtor entity had maintained a safe for cash deposits at one of the Appellants' properties. D.R. A0005-6. This cash was the subject matter of the motion for relief from stay filed by the Southwest Entities; the Appellants contested that the cash was a part of their estate, because the property at issue in that matter was operated by a non-debtor entity. The Bankruptcy Court at no time made any factual determinations on the record regarding what entity owned the cash generated by the property. However, it appears from the Order of Dismissal that the Bankruptcy Court did determine that the cash was part of the Appellants' estate by holding that **"the Debtors** were holding in a gas station safe nearly $60,000 from other business [ ] operations." D.R. A0005 (emphasis added). Likewise, in the Vermillion motion for relief from stay, the Bankruptcy Court learned that the Appellants had received an offer to purchase the property which was the subject of that motion

13

but that negotiations had stalled, and held that the Appellants "belatedly responded to the interested purchaser [of the property liened by Vermillion] but only in the face of the Show Cause order." D.R. A0005.   The Bankruptcy Court based its decision on the fact that the Appellants had an outstanding offer to purchase the property, but negotiations had stalled because the Appellants decided that to maximize the price, and therefore held that the potential purchaser should have been advised of the filing of the Cases.  D.R. A0024-25.  Additionally, the Bankruptcy Court's *sua sponte* Hearing Order was made in reliance upon testimony by a representative of Vermillion regarding the fact that the Monthly Operating Reports showed continuing losses.  Vermillion's interpretation of the Monthly Operating Reports was entirely inaccurate.  In so holding, the Bankruptcy Court improperly relied on the factual assertions made by Vermillion regarding the value of the property.  In dismissing the Cases, the Bankruptcy Court relied on evidence which was not of record.  The Bankruptcy Court also failed to find facts upon which it relied in the rendering of its Dismissal Order.

**F.  The Bankruptcy Court Erred In Interpreting The Monthly Operating Reports Filed By The Appellants In The Case.**

The Bankruptcy Court relied, in part, on the Monthly Operating Reports during the Hearing.  However, the Appellants respectfully submit that the Bankruptcy Court's interpretation of the Monthly Operating Reports was inaccurate.  At the Hearing, the Bankruptcy Court had before it the Monthly Operating Reports for July of 2009.  D.R. A0028. The Trustee represented at the Hearing that the Appellants' Monthly Operating Reports overall showed losses.  D.R. A0081.  Then, the Bankruptcy Court held that "Debtors Monthly Operating Reports reveal that they are suffering continuing losses."  D.R. A0004.  However, only the Monthly Operating Reports for July 2009 were before the Bankruptcy Court at the Hearing.  Without examining all of the Monthly Operating Reports, the Appellants were not given the opportunity to address this

14

fact dispute.  It is respectfully suggested that the Bankruptcy Court misinterpreted the Monthly

Operating Reports due to a dearth of information at the Hearing.  Furthermore, the Appellants

respectfully contend that the Monthly Operating Reports do not show continuing losses.

### G. The Bankruptcy Court Committed Reversible Error by Abusing its Discretion and Dismissing the Cases.

The Bankruptcy Court committed reversible error by dismissing the Cases based on (1)

the finding that the Appellants were inactive in the face of a pre-petition opportunity; (2) the oral

motion to dismiss of the Trustee, argued at the Hearing; (3) the cash management system of a

non-debtor entity, which was under consideration by the Bankruptcy Court at the time of the

dismissal; and (4) the Appellants' alleged failure to make any progress in their Cases.

#### 1. The Bankruptcy Court Erroneously Relied On The Appellants' Missed Pre-Petition Sale Opportunity As A Basis To Determine That The Appellants Were Acting In Bad Faith In The Administration Of Their Cases.

The Bankruptcy Court based its decision to dismiss, in part, on the fact that the

Appellants had not sold the property which was the subject of the motion for relief from stay

filed by Vermillion.  The Bankruptcy Court opined that not only had the Appellants responded to

the potential purchaser only once the Hearing was scheduled, but also that "The Court is left to

its concern about other lost or delayed opportunities and, moreover, to Debtors [sic] inattention

to actions it could or should be taking to market its assets." D.R. A0005.  The Appellants submit

that the Bankruptcy Court's finding was erroneous.

Ms. Isaacson testified to the reason that the Appellants' chose not to pursue the sale of

the property liened by Vermillion: strategy.  In order to maximize the value of the Appellants'

estates, Ms. Isaacson chose not to contact the potential purchaser after the Petition Date because

re-initiating negotiations would cause the potential purchaser to learn of the bankruptcy filings

and would "jeopardize the dollar amount, weaken our negotiating power essentially." D.R. A0025. The Appellants thus sought to maximize the value of this asset for the Appellants' estates, which would benefit all creditors. Additionally, Ms. Isaacson testified that she contacted the potential purchaser after the Bankruptcy Court so directed, in order to attempt to sell the property. D.R. A0025. The Bankruptcy Court's opinion that this sale is a 'lost opportunity' is inaccurate because negotiations were ongoing at the time of the Hearing, and to the extent that negotiations had temporarily ceased, it was for the purpose of maximizing the value of the property for the Appellants' estates, for the benefit of all creditors. Additionally, the offers and negotiations regarding the potential purchase of property occurred over a period of time months prior to the Petition Date. Several months prior to the bankruptcy filing, the negotiations between the Appellants and the offering party ceased as the Appellants were actively completing remediation on the site, and wanted to finish remediation before reinstituting the negotiation for the sale. D.R. A0024-25. While nothing had been formalized, the Appellants remained aware of the developer's and its client's interest in the property. It was error for the Bankruptcy Court to rely on and base its decision on actions which occurred prior to the filing.

Furthermore, no requirement existed that the property be sold. Any plan to sell that property or any other property needed to be done once the Appellants had developed a plan of reorganization. As a 501(c)(3), any decision to sell or otherwise dispose of assets has unique ramifications and complexities which need to be considered in the scheme of the entire estate before assets are sold piecemeal. As the negotiations are ongoing, there has been no lost business opportunity. D.R. A0025.

## 2. The Bankruptcy Court Erroneously Relied On The Trustee's Oral Motion To Dismiss Or Convert.

16

At the Hearing, the Trustee orally moved for the Cases to be dismissed or converted, or for a chapter 11 trustee to be appointed. D.R. A0080. During the oral argument, the Trustee introduced neither documentary evidence nor testimony, but merely argued his points. D.R. A0080-83. The Appellants were not on notice that the Trustee would so move, and the Trustee presented no evidence in support of his position.

The Bankruptcy Code provides that procedural due process requirements are met when such notice is given of a hearing as is appropriate in particular circumstances. 11 U.S.C. §102(1)(A). The Appellants had no appropriate notice that the Trustee would move for the dismissal, conversion, or appointment of a chapter 11 trustee, because the Trustee neither filed such a motion nor informed the Appellants that such a motion would be forthcoming. Moreover, and more importantly, the Trustee based the oral motion to dismiss on argument, and not evidence. Oral argument does not constitute evidence. *See* In re U.S. Wireless Corp., Inc., 386 B.R. 556, 562 n.31 (Bankr. D. Del. 2006) ("oral argument and legal memoranda are not evidence"); *citing* Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1372 (3d Cir. 1996). The Trustee argued the reasons why dismissal was appropriate, but during the Hearing, the Bankruptcy Court did not have before it the bases for the Trustee's argument, such as all Monthly Operating Reports and other operative documents. D.R. A0081. The Bankruptcy Court stated that "I think that [the Trustee's] comments in particular have focused me on some genuine concerns that I have." D.R. A0085. Nonetheless, the Trustee's argument was, without more, an insufficient basis upon which to decide to dismiss the Cases.

Furthermore, the Bankruptcy Court relied on the Trustee's arguments, which were incorrect as a matter of law. The Bankruptcy Court relied on the Trustee's argument that the Appellants had an obligation to report to the Trustee the whereabouts of the approximately

Case 10-31515-pp   Doc 12-1   Filed 07/19/10   Page 22 of 43

$60,000. As the Bankruptcy Court did not make a determination that the cash was owned by a

debtor entity, the Appellants were under no obligation to report the same to the Trustee.

### 3. The Bankruptcy Court Erroneously Relied On Evidence Of The Cash Management System Of A Non-Debtor Entity To Determine That The Appellants Were Acting In Bad Faith In The Administration Of Their Cases.

The Bankruptcy Court held that the "Debtors were holding in a gas station safe nearly

$60,000 in cash from other business[ ] operations. . . Such 'cash management' constitutes not

only gross mismanagement, but, as well, a lack of candor." D.R. A0005. The Appellants

respectfully submit that the Bankruptcy Court's ruling on the cash management of a non-debtor

entity was incorrect as a matter of law.

A debtor in bankruptcy has a duty of candor and loyalty toward the bankruptcy court and

its creditors. In re Coram Healthcare Corp., 271 B.R. 228, 235 (Bankr. D. Del. 2001). But the

cash which the Bankruptcy Court discussed was not cash that was conclusively owned by the

Appellants. The Bankruptcy Court had yet to decide on the motion for relief from stay filed by

the Southwest Entities. Earlier in these proceedings, the Bankruptcy Court issued a temporary

restraining order which prohibited the use of the non-debtor cash until the Bankruptcy Court

made a determination as to who owned the cash generated by the subject property. Since May,

the Appellants have had a motion pending before the Bankruptcy Court to permit the use of the

cash for, at least, insurance purposes. Though the motion has been pending for many months, as

of the date of dismissal, the Bankruptcy Court had not yet ruled on that issue. Because the

decision was still pending, the non-debtor entity could not use the cash. The Appellants

acknowledge that they have lost the majority of their business at the property liened by the

Southwest Entities; this loss is due entirely to the fact that the Southwest Entities have not

allowed the Appellants to use their cash to pay per capita insurance for visitors to that property,

which is an amusement park and motorsports racetrack. D.R. A0032-34. The cash was therefore put in a safe because, as Ms. Isaacson testified, "There wasn't really any reason to deposit it . . . we were not allowed to use the money." D.R. A0065. A report is generated regarding the cash, despite the fact that the cash is generated by a non-debtor entity. D.R. A0067. The Appellants did not act in bad faith in managing the cash of a non-debtor entity. The Appellants thus submit that the decision of the Bankruptcy Court to dismiss based on this fact was erroneous. The Bankruptcy Court articulated concern that the Appellants were losing business opportunities, but no other record evidence exists to show that loss. The Appellants thus submit that the Bankruptcy Court erroneously found this to be a basis for the dismissal of the Cases.

### 4. The Bankruptcy Court Erroneously Held That The Appellants Had Failed To Make Progress In Their Cases.

The assertion by the Bankruptcy Court that the Appellants were failing to make progress in their Cases is inaccurate. *See* D.R. A0001. The Cases had only been pending for six months at the time of the Hearing. The Bankruptcy Court can merely look at the Bankruptcy Court docket, submitted by the Trustee as part of the counter-designation, to see that constant action was being taken by the Appellants involving motions to lift the stay or timely filing of necessary documents. Importantly, it must be reiterated that these Cases are really quite complicated. D.R. A0011. The Appellants own and control over 50 pieces of real estate, several of which are operated by non-debtor entities. D.R. A0011. Additionally, and perhaps most importantly, the Appellants have a substantial number of political issues which were, in part, the impetus for the bankruptcy filing and has been a major impediment to the expeditious resolution of matters throughout the Cases.

After the bankruptcy filing, the Appellants met with financial consultants and lenders to investigate their refinancing possibilities. D.R. A0060-61. Eventually, the Appellants learned

that they could not procure refinancing without a business plan, and filed a motion to retain

NHB.  D.R. A0019-20.  In light of the time-sensitive nature of the Appellants' cases, NHB

commenced work on the business plan even though the Bankruptcy Court had not yet approved

NHB's employment; indeed, at the time of dismissal, NHB's employment was not approved.

The Appellants are prepared to follow NHB's recommendations for a business plan including, if

appropriate, the sale of property.  D.R. A0070.  The Bankruptcy Court dismissed these Cases

while exclusivity was still pending and prior to the opportunity for the Appellants to propose,

file, and implement the plan of reorganization.  This was an abuse of discretion and created

reversible error on the part of the Bankruptcy Court.

## III.   CONCLUSION

For the reasons stated above, the Appellants respectfully suggest that the Bankruptcy

Court erred as a matter of law in dismissing the Cases, and respectfully request that the District

Court reverse the dismissal and remand to the Bankruptcy Court with appropriate instructions.

Respectfully submitted,

COHEN, SEGLIAS, PALLAS
GREENHALL & FURMAN, P.C.


_____/s/ Robert K. Beste, Jr._____
Robert K. Beste, Jr., Esquire (DE Bar ID No. 154)
Nemours Building, Suite 1130
1007 North Orange Street, Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
E-mail:      rbeste@cohenseglias.com
*Attorney for Appellants*

Dated: November 17, 2009

20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : CHAPTER 11 |
| | : |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : BANKR. NO. 09-10876 (KG) |
| SCIENCE & TECHNOLOGY, INC.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : |
| SCIENCE & TECHNOLOGY, INC., *et al.*, | : |
| | : |
| Appellants, | : CIVIL ACTION NO. 09-789 (GMS) |
| | : |
| v. | : |
| | : |
| UNITED STATES TRUSTEE, | : |
| Appellee. | : |
| | : |

**CERTIFICATE OF SERVICE OF BRIEF OF APPELLANTS, DR. R.C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., *ET AL.*, IN SUPPORT OF APPEAL**

I, Robert K. Beste, Jr., Esquire, hereby certify that on the 17th day of November, 2009, a

true and correct copy of the foregoing *Brief of Appellants, Dr. R.C. Samanta Roy Institute of*

*Science & Technology, Inc., et al., in Support of Appeal,* was served by hand-delivery and/or

electronic filing upon the following:

Office of the U.S. Trustee
Joseph J. McMahon, Jr., Trial Attorney
844 King Street, Suite 2207
Wilmington, DE 19801

---

[1]    Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

William F. Taylor, Jr., Esquire
Katharine L. Mayer Esquire
McCarter & English LLP
Attorneys for Southwest Guaranty, Ltd., Green
Mountain Finance Fund, LLC, Carlyle
Financial, LLC, and Southwest Guaranty Partners, LLC
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Facsimile: 302-984-6399

Susan Kaufman, Esquire
Counsel for the City of Shawano
Cooch & Taylor, PA
1000 West Street, 10th Floor
The Brandywine Building
Wilmington, DE 19899

Glenn A. Brown, DMD, Esquire
Real World Law, P.C.
916 North Union Street, No. 2
Wilmington, DE 19801

COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.

_____/s/ Robert K. Beste, Jr._____
Robert K. Beste, Jr. Esquire (DE Bar ID No. 154)
Steve D. Usdin, Esquire (PA Bar ID No. 36381)
Nella M. Bloom, Esquire (PA Bar ID No. 204366)
Nemours Building, 1007 Orange Street, Suite 1130
Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
Email:       rbeste@cohenseglias.com
             susdin@cohenseglias.com
             nbloom@cohenseglias.com
*Attorneys for the Appellants*

2

## Appeal Documents

1:09-cv-00789-GMS In Re: Dr. R C Samanta Roy Institute of Science & Technology Inc. et al

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered by Beste, Robert on 11/17/2009 at 9:37 AM EST and filed on 11/17/2009

| | |
|---|---|
| **Case Name:** | In Re: Dr. R C Samanta Roy Institute of Science & Technology Inc. et al |
| **Case Number:** | 1:09-cv-00789-GMS |
| **Filer:** | Dr. R C Samanta Roy Institute of Science & Technology Inc. |
| | US Acquisitions & Oil Inc. |
| | Midwest Oil of Wisconsin LLC |
| | Midwest Oil of Shawano LLC |
| | Midwest Properties of Shawano LLC |
| | Midwest Hotels & Motels LLC |
| | Midwest Oil of Minnesota LLC |

**Document Number:** 21

**Docket Text:**
**Appellant's BRIEF by Dr. R C Samanta Roy Institute of Science & Technology Inc., Midwest Hotels & Motels LLC, Midwest Oil of Minnesota LLC, Midwest Oil of Shawano LLC, Midwest Oil of Wisconsin LLC, Midwest Properties of Shawano LLC, US Acquisitions & Oil Inc.. Appellee Brief due by 12/7/2009. (Attachments: # (1) Cover Page, # (2) Index, # (3) Table of Authorities, # (4) Certificate of Service)(Beste, Robert)**

**1:09-cv-00789-GMS Notice has been electronically mailed to:**

Glenn A. Brown    glenn.brown@realworldlaw.com, mike.pistek@realworldlaw.com, noticeme.realworldlaw@gmail.com

Joseph J. McMahon , Jr    joseph.mcmahon@usdoj.gov

Kevin Scott Mann    kmann@crosslaw.com

Robert K. Beste , Jr    rbeste@cohenseglias.com, nbloom@cohenseglias.com

Susan E. Kaufman    skaufman@coochtaylor.com

William F. Taylor , Jr    wtaylor@mccarter.com

**1:09-cv-00789-GMS Notice has been delivered by other means to:**

Kate Roggio Buck
McCarter & English, LLP

Case 10-31515-pp    Doc 12-1    Filed 07/19/10    Page 28 of 43

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/17/2009] [FileNumber=873260-0
] [a2f738c8abf3603e86760dbe2c1e5e67c41f099c3e9e7c8b00494cebdf6de2f1c01
d7b1804f92a83faa670686cb409ec2633fc99ce4c3d9e86649391056f2ae9]]
**Document description:** Cover Page
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/17/2009] [FileNumber=873260-1
] [e0d6b1c54ac20d5b36e3edb6c083eabaa8ffa443ef415bcba0f6b6f2f85eea4cffd
51869369ad2ae50cc9c57bd89385eeca4bb2761e6ac49f08c689804864734]]
**Document description:** Index
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/17/2009] [FileNumber=873260-2
] [7d1ad413bb4304a54e9c66771ffac8f8b9b5ef16269439c6f1a632ef8124c74acd4
8f066f805290534872fc101053a3371027b32d66c8d153253edb4328eb777]]
**Document description:** Table of Authorities
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/17/2009] [FileNumber=873260-3
] [2f6151a85a1b21dbfce2ba67c859d6e29c3656bb30399a72805d5ef2ed11eab0f68
151fac548770a5e79912d3bc47e961622a5c625cab7a0ca08203c6d7478ed]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/17/2009] [FileNumber=873260-4
] [6526e8b46aee706131f827290e3d5ba7f677cc5cbcbc14e9e09e05cf00216d12daf
974b181a87f625b5d884b52e80e14afaa62fb85de5df15a56fd3d6787bc91]]

Case 10-31515-pp    Doc 12-1    Filed 07/19/10    Page 29 of 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC.,[1] | : | BANKR. NO. 09-10876 (KG) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., *et al.*, | : | |
| | : | |
| Appellants, | : | CIVIL ACTION NO. 09-789 (GMS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES TRUSTEE, | : | |
| Appellee. | : | |
| | : | |

## REPLY BRIEF OF APPELLANTS, DR. R.C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., *ET AL.*, IN SUPPORT OF APPEAL

<div style="text-align:right">

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

</div>

Dated: December 17, 2009

Robert K. Beste, Jr., Esquire (DE Bar ID No. 154)
Steven D. Usdin, Esquire (PA Bar ID No. 36381)
Nella M. Bloom, Esquire (PA Bar ID No. 204366)
Nemours Building, Suite 1130
1007 North Orange Street, Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
E-mail:     rbeste@cohenseglias.com
            susdin@cohenseglias.com
            nbloom@cohenseglias.com
*Attorneys for the Appellants*

---

[1]     Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

**INDEX**                                                                          Page

I.   Factual and Procedural Background ……………………………………………………...2

II.  Legal Argument ……………………………………………………………………………...3

     A.  The Appellants' Conduct Has Not Constituted Gross Mismanagement Of Their
         Estates And Unreasonable Delay Which Is Prejudicial To The Secured Creditors,
         Who Will Recover In The Administration of The Plan And In The Claims Process
         ………………………………………………………………………...........…………………..3

     B.  The Appellants' Failure To File Pre-Petition Tax Returns Did Not Constitute Cause
         To Dismiss The Bankruptcy Cases …………………………………………….……4

     C.  The Appellants Did Not State That They Were Given No Notice Of The Hearing, But
         Rather That They Were Not Given Adequate Notice Of The Subject Matter Of The
         Hearing …………………………………………………………………………………6

III. Conclusion …………………………………………………………………………………...8

Case 10-31515-pp    Doc 12-1    Filed 07/19/10    Page 31 of 43

**Cases**                **TABLE OF AUTHORITIES**                **Page**

In re Berryhill, 127 B.R. 427 (Bankr. N.D. Ind. 1995) ……………………………………………5

In re Berryhill, 189 B.R. 483 (N.D. Ind. 1995) ……………………………………..……………5

In re Cohn, 54 F.3d 1108 (3d. Cir. 1995) ……………………………………………………..…….3

In re Halvajian, 216 B.R. 502 (D. N.J. 1998) …………………………………..………...…………..…3

Martin v. Brown, 63 F.3d 1252 (3d Cir. 1995) ………………………………………………….7

In re Pittsfield Weaving Co., 393 B.R. 271 (Bankr. D. N.H. 2008) ……………………………......6

**Statutes and Rules**                **Page**

11 U.S.C. §102 ……………………………………………………………………………...……7

11 U.S.C. §507(a)(8) ………………………………………………………………………..……6

11 U.S.C. §1112(b)(4)(I) ………………………………………………………………………4

Fed. R. Bankr. Proc. 3002(c)(1) …………………………………………………………………6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : | BANKR. NO. 09-10876 (KG) |
| SCIENCE & TECHNOLOGY, INC.,[2] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF | : | |
| SCIENCE & TECHNOLOGY, INC., _et al._, | : | |
| | : | |
| Appellants, | : | CIVIL ACTION NO. 09-789 (GMS) |
| v. | : | |
| | : | |
| UNITED STATES TRUSTEE, | : | |
| Appellee. | : | |
| | : | |

### REPLY BRIEF IN SUPPORT OF APPEAL

Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. ("SIST"), U.S. Acquisitions & Oil, Inc. ("USA&O"), Midwest Oil of Wisconsin, LLC, Midwest Oil of Minnesota, LLC, Midwest Oil of Shawano, LLC, Midwest Properties of Shawano, LLC, and Midwest Hotels & Motels, LLC (collectively, the "Appellants"), hereby file the following Reply Brief in Support of their Appeal pursuant to the Scheduling Order of this Court entered on October 28, 2009 (Docket No. 14). The Appellants respectfully take exceptions to several of the issues raised in the appellee brief (the "Appellee Brief") filed by the Office of the United States Trustee for the District of Delaware (the "Trustee"), and seek reversal of the decision of the

---

[2]      Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in dismissing their jointly-administered bankruptcy case by order entered on September 22, 2009.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

For factual and procedural background, as well as the bases for their Appeal, the Appellants rely on their previously-filed Brief in Support of Appeal (the "Appeal Brief").[3] Since the filing of the Appeal Brief, on December 7, 2009, the Trustee filed the Appellee Brief. Numerous facts set forth in the Appellee Brief are inaccurate. Ms. Isaacson did not testify that the Appellants' secured creditors would not discuss refinancing until a business plan was created. Ms. Isaacson testified that when she approached other sources of funding to refinance the Appellants' secured lenders, they would not do so piecemeal. D.R. A0053. Lenders that Ms. Isaacson approached would only refinance once a business plan was created. D.R. A0053. With regards to the offer to purchase the property, for more than a year prior to the bankruptcy filing, Ms. Isaacson had been in negotiations with Walgreens regarding the purchase of the property. D.R.A0023. Prior to the filing, the negotiations had stalled while the Appellants awaited closure on the site. D.R. A0024. Walgreens did not contact the Appellants post-filing. D.R. A0024. With regard to the park/racetrack operations, what the Trustee has failed to mention is that the reason the operating expense of the park/racetrack could not be paid was because of the Court's Order, not because the property was losing money. D.R. A0065-66.

The Appellee Brief sets forth the arguments that dismissal was warranted because (1) the Appellants' failure to consider the offer to purchase the property in Oakdale, Minnesota constituted gross mismanagement of their estates and unreasonable delay; (2) the Appellants' failure to file their pre-petition tax returns constituted gross mismanagement of their estates; (3)

---

[3]   All references and defined terms are those as defined and used in the Appeal Brief.

there is a continuing loss to the estates and no reasonable likelihood of rehabilitation; (4) the Appellants mismanaged funds; (5) the Appellants' failure to prepare a business plan constituted prejudicial delay. Appellee Brief, p. 13.[4]  These issues were, by and large, addressed fully in the Appellants' Brief.   The Appellants file this Reply Brief in order to highlight some points regarding which, the Appellants respectfully suggest, the Trustee has erred in its argument.

## II.    LEGAL ARGUMENT

### A.    The Appellants' Conduct Has Not Constituted Gross Mismanagement Of Their Estates Or Unreasonable Delay Which Is Prejudicial To The Secured Creditors, Who Will Recover In The Administration of The Plan And In The Claims Process.

The Trustee argues that the Appellants have caused prejudice to the Appellants' secured creditors and diminution to their estates in several ways: by failing to pursue the offer to purchase one of the Appellants' properties, which was at issue in Vermillion's hearing relating to its motion for relief from stay; by allegedly allowing continuing losses to the properties of the estates; and by delaying in preparing a business plan.   Their arguments fail for several reasons.

First, the Appellants were not contacted post-petition in regard to the purchase of the Oakdale property.   No Order of the Court, nor codified rule, requires that property be sold when it is part of a debtor's estate if an outstanding offer to purchase exists.   Second, failure to make all post-petition mortgage payments is not evidence of continuing losses.   In order to properly assess the cash-flow of the properties, an examination should have been made of all the monthly operating reports which had been filed.   The monthly operating reports do not show continuing

---

[4]    Tellingly, the Appellee Brief does not address the Appellants' argument that the Bankruptcy Court based its decision on allegations not at issue in the case, and thus reversal of the dismissal is appropriate.   On appeal in a bankruptcy case, the district court "is limited to [a] review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the . . . decision was rendered."   In re Halvajian, 216 B.R. 502, 509, 513 (D. N.J. 1998).   The bankruptcy court's decision based on insufficient facts, assumptions, or facts outside of the record constitutes reversible error.   In re Cohn, 54 F.3d 1108, 1116 (3d. Cir. 1995) (reversing a bankruptcy court's decision which was based on a muddled record of which party made a false statement to which other party).

3

losses but do show reductions in equity of the Appellants' properties. In addition, the Appellants were unable to locate any case law indicating that a case which has been pending for only six months (as the Appellants' cases were at the time of dismissal) is subject to dismissal for unreasonable delay.

The Trustee fails to consider that the properties in the Appellants' portfolio have value. So long as the properties have value, the secured creditors will not be prejudiced by the Appellants maintaining their assets for the time it takes to complete the formulation and execution of a business plan. Once the values of the properties are determined, the creditors will be protected in the distribution and claims process. If a property is undersecured, it will revert back to the lender and an unsecured claim for the difference may be filed. If a property is oversecured, the Appellants can choose to refinance and remove the interest of the secured creditor, or to sell the property, pay the secured creditor in full, and retain the cash surplus. Any alleged delay in the administration of these cases has not prejudiced the secured creditors of the Appellants, because their positions are protected by the equity in the properties at issue and by the eventual claims process.

**B.    The Appellants' Failure To File Pre-Petition Tax Returns Did Not Constitute Cause To Dismiss The Bankruptcy Cases.**

Under the revised Bankruptcy Code, 11 U.S.C. §1112(b)(4)(I) defines cause with respect to the filing of tax returns and payment of taxes in relevant part as follows:

> (4) For purposes of this subsection, the term "cause" includes . . .
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.

11 U.S.C. §1112(b)(4)(I). There is no case law or statute that stands for the proposition that mere failure to file pre-petition tax returns constitutes cause for dismissal of a bankruptcy case. A review of the case law demonstrates that pre-petition tax returns only become an issue when,

4

pursuant to motion by a third party such as the IRS, the Bankruptcy Court issues an order requiring the debtor to file pre-petition tax returns.  If the debtor fails to follow the court order, then the failure to file pre-petition tax returns may become cause for dismissal.  In re Berryhill, 127 B.R. 427, 429-30 (N.D. Ind. 1991).

The Appellee Brief cites In re Berryhill, 127 B.R. 427 (Bankr. N.D. Ind. 1991) in an attempt to distinguish the Appellants' argument and use of its cite to another In re Berryhill case.[5]  The facts of the case cited by the Trustee are distinguishable from this case.  In that case, the IRS brought a motion a full two years after the debtors had filed their bankruptcy petition requesting the Court to order the debtors to file pre-petition and post-petition tax returns, all of which were past due.  Id. at 429-30. Additionally, prior to the IRS bringing this motion, the debtors had also failed to prepare and file their Plan and Disclosure Statement by the original due date and at the time the IRS made its motion - two years after the original filing date, the debtors had still not filed a plan and disclosure statement.  Id. at 431.  Further, the debtors had not filed their monthly operating reports for almost two years.  The Bankruptcy Court had ordered the debtors to file all their past due operating reports or face dismissal just weeks prior to the IRS's motion, and the debtors had already failed to comply with that Order.  Id. at 431.  The Bankruptcy Court granted the IRS's motion, but the debtors did not file any of their returns by the Court's due date.  Id. at 432. Months after the tax filing deadline and two and a half years after the bankruptcy filing, several government agencies joined to bring a motion dismissing the

---

[5]     The Trustee states on page 16, n.8 of its Appellee Brief that the Appellants have misstated the citation of In re Berryhill.  In fact, the case that the Appellants cited in their Brief, In re Berryhill, 189 B.R. 463 (N.D. Ind. 1995) (case no. 93-11671, on appeal, 95-cv-26) is a case from the United States District Court for the Northern District of Indiana, Fort Wayne Division.  The Trustee has mistaken the citation for a decision of the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, 127 B.R. 427 (Bankr. N.D. Ind. 1991) (case no. 88-11367).  The Appellants properly cited to—and intended to cite to—the District Court opinion relating to the debtors which was filed in 1993, and not the earlier Bankruptcy Court opinion relating to the case which was filed in 1988, in their Appeal Brief.

debtors' bankruptcy action. Id. at 432. Given the egregious facts of the case, the motion for dismissal was granted and later affirmed by the appellate court.

The Trustee also attempts to distinguish the case In re Pittsfield Weaving Co., 393 B.R. 271 (Bankr.D.N.H. 2008), which the Appellants cite, in an attempt to diminish the value of the Appellant's arguments. However, the facts of that case are also inapposite to the present case. More than two years after filing their bankruptcy petition, the debtor in In re Pittsfield Weaving Co. still had no confirmable reorganization plan, and it was late in filing its monthly operating reports. Id. at 274. Additionally, the debtor owed over $180,000 in post-petition taxes. Id. at 273. The bankruptcy court in that case cited 11 U.S.C. §1112(b)(4)(1) which sets forth that failure to timely pay taxes owed *after* the date of filing or to timely file returns due *after* the date of filing is cause for conversion or dismissal. Id. at 276.

In contrast, the failure of a debtor to pay *pre-petition* taxes is not grounds to dismiss his bankruptcy case. The administration of the claims process in a bankruptcy provides for taxing authorities to file and obtain a priority claim, which can include a penalty. 11 U.S.C. §507(a)(8); Fed. R. Bankr. P. 3002(c)(1). Taxing authorities, therefore, have the right to file proofs of claim or interest in the amount which they believe is due. Various taxing authorities did, in fact, file proofs of claim in the Appellants' cases, seeking to obtain tax obligation amounts which were incurred pre-petition. In filing these proofs of claim, the taxing authorities recognized that their recovery lay in the claims process, and not in dismissal of the Appellants' bankruptcy cases. Therefore, the Trustee's argument that the Appellants' cases were properly dismissed because the Appellants failed to pay *pre-petition* taxes, fails.

6

**C.     The Appellants Did Not State That They Were Given No Notice Of
The Hearing, But Rather That They Were Not Given Adequate Notice
Of The Subject Matter Of The Hearing.**

The Trustee alleges that the Appellants were, essentially, estopped from arguing that they

had no adequate notice of the of the Hearing, arguing that "the Debtors did not object to going

forward at any time at or prior to the hearing on grounds that notice was inadequate." Appellee

Brief, p. 13. Though the Appellants do contend that the Rule Hearing was conducted on an

extremely abbreviated schedule, thus disallowing the Appellants adequate time to prepare, this

characterization misstates the notice issue that the Appellants sought to raise to the attention of

the District Court. It was not the timing of the Hearing which was objectionable to the

Appellants. It was, instead, the failure of the Bankruptcy Court to give notice of the subject

matter of the Hearing and the evidence that the Appellants would be required to present during

the Hearing, to which the Appellants object.

Due process required that the Appellants receive fair notice of the Bankruptcy Court's

concerns regarding the feasibility of the Appellants continuing to operate their businesses as

debtors-in-possession. *See* Martin v. Brown, 63 F.3d 1252, 1262-63 (3d Cir. 1995) (stating that

the fundamental requirements of due process – including notice of the grounds for the sanction

under consideration – must be afforded before a sanction is imposed). The phrase "after notice

and hearing" is defined in §102(1)(A) of the Bankruptcy Code to mean "after such notice as is

appropriate in the particular circumstances."

This fair notice was not given to the Appellants. The Appellants did not know, and thus

could not have objected in advance of the Hearing, of the fact that Ms. Isaacson would be

required to testify to facts such as the type and the value of the real property of the Appellants'

estates; the business activities of non-debtor entities; outstanding issues on motions for relief

7

from stay that had yet to be decided by the Bankruptcy Court; questioning from Shawano – which had not been involved in evidentiary mattes before the Hearing – on an array of subjects; and other matters.  *See* D.R. A0019; 23-26; 35-36; 56-57.  Ms. Isaacson was prepared to testify to some of these issues; some were issues never before raised before the Bankruptcy Court, and Ms. Isaacson had no knowledge that they would be the subject of testimony.  Due to the lack of notice as would have been appropriate under the circumstances, Ms. Isaacson was required to testify on subjects that she could not have anticipated and could not prepare for adequately.  At one point Ms. Isaacson needed to state she was "speaking off the top of her head" (D.R. A0031).  If notice of the subject matter of the hearing had been adequate, she could have prepared more complete responses for the Court's consideration.  It is this evident lack of notice of the subject matter, and not the lack of time to respond, to which the Appellants have objected and which constitutes cause to reverse the dismissal of the Bankruptcy Court.

8

## III.    <u>CONCLUSION</u>

For the reasons stated above, the Appellants respectfully suggest that the Bankruptcy Court erred as a matter of law in dismissing the Cases, and respectfully request that the District Court reverse the dismissal and remand to the Bankruptcy Court with appropriate instructions.

<div style="margin-left:40%">

Respectfully submitted,

COHEN, SEGLIAS, PALLAS
GREENHALL & FURMAN, P.C.


_____/s/ Robert K. Beste, Jr._____
Robert K. Beste, Jr., Esquire (DE Bar ID No. 154)
Steven D. Usdin, Esquire (PA Bar ID No. 36381)
Nella M. Bloom, Esquire (PA Bar ID No. 204366)
Nemours Building, Suite 1130
1007 North Orange Street, Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
E-mail:      rbeste@cohenseglias.com
             susdin@cohenseglias.com
             nbloom@cohenseglias.com
*Attorneys for the Appellants*

</div>

Dated: December 17, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC.,[1] | : | BANKR. NO. 09-10876 (KG) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| DR. R. C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC., *et al.*, | : | |
| | : | |
| Appellants, | : | CIVIL ACTION NO. 09-789 (GMS) |
| v. | : | |
| | : | |
| UNITED STATES TRUSTEE, | : | |
| Appellee. | : | |
| | : | |

**CERTIFICATE OF SERVICE OF REPLY BRIEF OF APPELLANTS,
DR. R.C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC.,
*ET AL.,* IN SUPPORT OF APPEAL**

I, Robert K. Beste, Jr., Esquire, hereby certify that on the 17th day of December, 2009, a

true and correct copy of the foregoing *Reply Brief of Appellants, Dr. R.C. Samanta Roy Institute*

*of Science & Technology, Inc., et al., in Support of Appeal*, was served by electronic filing upon

the following:

> Office of the U.S. Trustee
> Joseph J. McMahon, Jr., Trial Attorney
> 844 King Street, Suite 2207
> Wilmington, DE 19801

---

[1]     Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

William F. Taylor, Jr., Esquire
Katharine L. Mayer Esquire
McCarter & English LLP
Attorneys for Southwest Guaranty, Ltd., Green
Mountain Finance Fund, LLC, Carlyle
Financial, LLC, and Southwest Guaranty Partners, LLC
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Facsimile: 302-984-6399

Susan Kaufman, Esquire
Counsel for the City of Shawano
Cooch & Taylor, PA
1000 West Street, 10th Floor
The Brandywine Building
Wilmington, DE 19899

Glenn A. Brown, DMD, Esquire
Real World Law, P.C.
916 North Union Street, No. 2
Wilmington, DE 19801


COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.


_____/s/ Robert K. Beste, Jr._____
Robert K. Beste, Jr. Esquire (DE Bar ID No. 154)
Steve D. Usdin, Esquire (PA Bar ID No. 36381)
Nella M. Bloom, Esquire (PA Bar ID No. 204366)
Nemours Building, 1007 Orange Street, Suite 1130
Wilmington, DE 19801
Tel: 302.425.5089
Facsimile: 302.425.5097
Email:        rbeste@cohenseglias.com
              susdin@cohenseglias.com
              nbloom@cohenseglias.com
*Attorneys for the Appellants*